IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2009

## MARIO MARQUIS GRAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1432    Steve Dozier, Judge**

_____

**No. M2009-00013-CCA-R3-PC - Filed November 23, 2009**

_____

Petitioner, Mario Marquis Gray, also known as Mario Marquis Grey, entered a best-interest plea in Davidson County to one count of aggravated burglary in exchange for a sentence of six years, to run consecutively to a prior conviction for which he was on probation at the time of his arrest. Petitioner sought post-conviction relief on the basis that he received ineffective assistance of counsel and that his guilty plea was unknowing and involuntary. After a hearing, the post-conviction court denied relief. On appeal, Petitioner argues that he was improperly denied relief by the post-conviction court. After a review, we determine that Petitioner has failed to show that he received ineffective assistance of counsel or that his guilty plea was entered involuntarily. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the Appellant, Mario Marquis Gray.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

Petitioner was indicted by the Davidson County Grand Jury in April of 2007 for one count of aggravated burglary and one count of assault. On July 25, 2007, Petitioner entered a best-interest guilty plea to one count of aggravated burglary in exchange for a six-year sentence as a Range I,

standard offender. The sentence was ordered to run consecutively to Petitioner's "current sentence" of ten years in case number 2006-1-1242 for attempted second degree murder. The assault charge was dismissed.

At the plea acceptance hearing, the State presented a factual basis for the plea. If the case had gone to trial, the facts would have shown that:

> [O]n February 2nd, 2007, at approximately 11:00 o'clock, Officer Miller responded to a call at 63 Carrol Street in Davidson County. When the officer arrived, he spoke with Monica Holman, the victim in this case. Ms. Holman told officers that her boy friend [sic], [Petitioner], had assaulted her. She further stated that during a domestic argument, she asked the defendant to leave the residence. Once he was outside, the defendant became angry, kicked the victim's door back open and popped the hinges in order to get back in the residence. This cost approximately three hundred dollars worth of damage to her door. Once the defendant gained entry back into the victim's house, he began to assault her by punching her around the head and neck with his hands. The officer did note that the victim suffered a busted lip as a result of the assault. Photographs were taken of the injury.

Subsequently, Petitioner filed a pro se petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that his conviction was based on an unlawfully induced guilty plea that was also unknowing and involuntary. The post-conviction court appointed an attorney to represent Petitioner and an amended petition was filed. In the amended petition, Petitioner alleged that he received ineffective assistance of counsel because trial counsel failed to inform Petitioner about the possible outcome of trial and failed to inform Petitioner about the defenses available to him at trial. Petitioner also alleged that his guilty plea was not entered knowingly or voluntarily because of his "limited education" and because there was "insufficient time" taken "to ensure that the Petitioner understood what he was doing." Petitioner alleged that his bi-polar disorder and his ability to be easily confused amounted to Petitioner "not fully comprehend[ing] what he was doing or the sentence he was going to receive."

*Evidence at the Post-conviction Hearing*

At the hearing on the post-conviction petition, the court heard the testimony of trial counsel and Petitioner. Trial counsel testified that she was appointed to represent Petitioner after another attorney had already begun representation of Petitioner. Trial counsel took over due to communications problems between Petitioner and the other attorney.

According to trial counsel, she talked with Petitioner on two or three occasions prior to his plea and met with him on the day of the plea agreement. Petitioner informed her that he would take a three-year sentence but immediately accepted the six-year sentence that was offered by the State at the hearing.

Trial counsel remembered that Petitioner was adamant about being innocent of the charges. Therefore, she advised him to go to trial. Petitioner was insistent on taking the plea agreement.

Prior to the entry of the plea, trial counsel reviewed the terms of the plea agreement with Petitioner. Trial counsel recalled that Petitioner had strange communication skills. In fact, she was somewhat concerned about his mental condition. Despite his odd behavior, Petitioner was insistent that he wanted to enter the plea agreement that day. At the hearing, trial counsel recalled that the trial court repeatedly offered to postpone the hearing for a mental evaluation. Trial counsel recalled that Petitioner refused to postpone the hearing and insisted that he understood the terms of the plea and wanted to go forward with the deal. Trial counsel, while concerned, knew that Petitioner had a prior criminal record and was familiar with the court system. Trial counsel testified that she was satisfied that Petitioner understood what he was doing when he entered the plea.

Petitioner, on the other hand, testified that he did not understand the plea agreement. Petitioner claimed that he used Ecstasy and heroin heavily prior to his arrest and that the massive drug use wiped out his memory of the plea hearing. Petitioner also claimed that he did not remember meeting with trial counsel. Petitioner testified at the hearing that he wanted to get help but that no one would listen to him. Petitioner insisted he entered the plea because "they don't play around about domestic violence." Petitioner was under the impression that he would get less time with a guilty plea than he would with a conviction from a trial. Petitioner admitted that the trial court offered for him to have a jury trial "four or five times" during the plea hearing. Petitioner claimed that he was scared of a trial and did not remember the trial court offering him a mental evaluation. Petitioner insisted that had he known he could have had a trial, he would have insisted on a trial.

On cross-examination, Petitioner admitted that he had a prior conviction for attempted second degree murder as well as a prior drug conviction and numerous misdemeanor convictions. Further, Petitioner acknowledged that he was not under the influence of drugs or alcohol when he entered the plea.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In an order issued at a later date, the post-conviction court accredited the testimony of trial counsel, specifically noting that trial counsel "met sufficiently with the petitioner regarding this case and it was his intention to enter this negotiated plea agreement." The post-conviction court further noted that the guilty plea transcript reflected that Petitioner was entering the plea with knowledge and understanding and that the plea was voluntary. Further, the post-conviction court found that Petitioner's prior criminal record evinced a familiarity with the judicial system. Finally, the post-conviction court noted that Petitioner "was aware of the consequences of the entry of the plea but is now second guessing his decision." The post-conviction court denied the petition for relief.

Petitioner filed a timely notice of appeal, alleging that the post-conviction court improperly dismissed the petition for post-conviction relief.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency *Strickland,* 466 U.S. at 694 . However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the state standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

In the case herein, Petitioner has failed to show that trial counsel was deficient. Moreover, Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Trial counsel testified that she met with Petitioner once prior to the plea and spoke with him several times prior to that day. The testimony at the hearing indicated that Petitioner was informed by trial counsel prior to the plea hearing about the charges he was facing and that he was facing a sentence of at least fifteen years if he went to trial. The transcript of the guilty plea hearing reflects that the trial court went to great lengths to discuss the ramifications of the guilt plea with Petitioner and that the trial court offered for Petitioner to have a mental examination prior to trial. Petitioner was repeatedly asked by the trial court if he understood the effects of the plea. The trial court accredited the testimony of trial counsel and discredited Petitioner's testimony. The plea hearing indicates that Petitioner felt it likely that he would be convicted if he went to trial and that his best course of action would be to enter a plea in exchange for a shorter sentence. Petitioner entered no proof at the post-conviction hearing concerning his mental incapacity. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


_____
JERRY L. SMITH, JUDGE